UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH MARDEN,                                              :

                                                                                      :      OPINION AND ORDER

                    Plaintiff,

                                                                                        :      22 Civ. 10735 (GWG)

     -v.-

                                                                                            :

COMMISSIONER OF                                              :
SOCIAL SECURITY,
                                                                                           :

                  Defendant.                                  :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

      Plaintiff Joseph Marden's application for Social Security Disability benefits and Supplemental Security Income benefits was denied both initially and following a hearing by an Administrative Law Judge. See Complaint, filed December 20, 2022 (Docket # 1) ("Compl."). After Marden filed a motion for judgement on the pleadings, the parties stipulated to remand the matter to the agency. See Stipulation and Order, dated October 3, 2023 (Docket # 19).

      Upon remand, the Commissioner found Marden disabled and awarded Marden $113,880.00 in past-due benefits. See Notice of Award, dated June 8, 2024, annexed as Exh. B to Notice of Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1), filed June 12, 2024 (Docket # 24). The Commissioner withheld 25% of this amount, $28,472.00, for payment of Marden's attorney fees. Id. at 3. Subsequently, Marden's counsel informed the Court that Marden's "hearing level representative intends to file a fee petition in the amount of $20,000.00 for work done at the agency level." See Affirmation in Support of Motion for

Attorney Fees Pursuant to Social Security Act § 206(b)(1) at ¶ 6, filed June 12, 2024 (Docket # 24-1). Counsel applied to this Court to obtain the remaining $8,472.00. See id. at ¶ 6. The Court granted the application. See Memorandum Endorsed, filed June 25, 2024 (Docket # 26).

Following the Court's June 25, 2024, order, the Commissioner awarded Marden's children, A.M.M, S.A.M., and J.J.R., $3,828, $26,331.00, and $26,331.00, respectively. See Notices of Award, dated September 1, 2024, annexed as Exh. B to Supplemental Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1), filed September 19, 2024 (Docket # 27) ("Supp. Mot.").[1] These awards total $56,490.00. The Commissioner withheld 25% of the past due benefits of Marden's children ($957.00, $6,582.75, and $6,582.75), for payment of Marden's attorney fees. Id. at *3, *9, *15. These withholdings total $14,122.50. The Government has agreed that counsel is entitled to collect on these awards "because they were the product of auxiliary benefits under Plaintiff's social security number." Commissioner's Response to Plaintiff's Supplemental Petition for Attorney's Fees Under 42 U.S.C. § 406(b) at *2-*3, filed October 2, 2024 (Docket # 28) ("Comm'r Resp.").

Counsel now seeks to obtain this amount as permitted by the contingent fee arrangement between Marden and his counsel, which provided for a contingent fee of up to 25% of any past-due benefits. See Affirmation in Support of Motion for Attorney Fees Pursuant to Social Security Act § 206(b)(1) at ¶ 8, dated September 19, 2024, annexed as Exh. A to Supp. Mot ("Olinsky Aff."); Fee Agreement – Federal Court Social Security Appeal at 2, dated December 12, 2022, annexed as Exh. A to Supp. Mot. This Court previously awarded $6,5000.00 in fees to counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Stipulation for Allowance of Fees Under the Equal Access to Justice Act and Costs under 28 U.S.C. § 1920,

---

[1] Citations in the format *__ refer to pagination supplied by the ECF system.

dated January 8, 2024 (Docket # 23).  Counsel indicates that he will remit the EAJA award to his client if the instant fee application is granted.  See Olinsky Aff. ¶ 9.  Contemporaneous time records show that Marden's attorneys, Howard D. Olinsky, Daniel Brady, Andrew Flemming, and Lori Tilley-Beeler, spent a combined 18.8 hours in the federal court proceeding.  See Ledger, annexed as Exh. D to Supp. Mot.  Additionally, Marden's paralegals spent a combined 5.7 hours in the federal court proceeding.  See Ledger, annexed as Exh. E to Supp. Mot.

The Government's response to the application neither supports nor opposes counsel's request.  See Comm'r Resp.

II.  DISCUSSION

Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  See 42 U.S.C. § 406(b)(1)(A).

In determining whether a fee is reasonable, even in the case of a contractual contingency fee arrangement, courts look to the following factors:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

Here, the first two factors plainly weigh in favor of approving the fee request.  First, the requested fee is well within reason given the quality and results of the representation.  Marden's

counsel wrote a detailed memorandum of law in support of plaintiff's motion for judgement on the pleadings. See Plaintiff's Memorandum of Law in Support of a Motion for Judgement on the Pleadings, filed August 3, 2023 (Docket # 16). The briefing achieved its intended goal of obtaining a remand for Marden and ultimately led to an award of benefits by the agency. Second, there is no evidence that Marden's counsel engaged in a delay of the proceedings to increase the potential fee award.

With respect to the third factor – whether the award constitutes a "windfall" – courts have relied on the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Joslyn, 389 F. Supp. 2d at 456-57. These factors also weigh in favor of the requested fee award. As noted, Marden's counsel produced a highly favorable result for their client and counsel's brief contained a careful examination of the alleged mistakes of the Administrative Law Judge's decision. Lastly, the total number of hours expended was reasonable for a case of this nature.

Under Gisbrecht, a court must consider whether the benefits obtained through a counsel's representation are "large in comparison to the amount of time counsel spent on the case," and, if the court so finds, may adjust a fee award that is based on the amount of those benefits downward. 535 U.S. at 808. However, such "a reduction in the agreed-upon contingency amount should not be made lightly," Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), because when a court finds that a high hourly rate justifies reducing the fee award, that reduction can "only serve to diminish the pool of attorneys willing to accept the risk of taking on" social security cases on a contingency fee basis in the future. Puerto v. Happy Life Home

4

Health Agency Inc., 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023) (addressing reasonableness of contingency fee arrangement in Fair Labor Standards Act case).

Here, Marden's attorneys, Howard D. Olinsky, Daniel Brady, Andrew Flemming, and Lori Tilley-Beeler, spent a combined 18.8 hours, not including the time spent by Marden's paralegals, in the federal court proceeding. See Ledger, annexed as Exh. D to Supp. Mot. Additionally, the total fee requested ($14,122.50), when combined with fee previously awarded ($8,472.00), is $22,594.50. Thus, when this sum is divided by 18.8 hours, it results in the payment of an hourly rate of $1,201.84. Similar de facto hourly rates have been approved by courts as reasonable in social security cases. See Valle v. Colvin, 2019 WL 2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); Nieves v. Colvin, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) ($1,009.11). In this case, we see no reason to reduce the amount provided in the contingency fee arrangement given counsel's skill, competence, and efficiency. In light of the fact that, as already discussed, the factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Marden's case was not a sure winner and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it warrants reduction.

While the Court will grant the requested award of $14,122.50, counsel is required to remit to the claimant the $4,900.00 EAJA award. See Gisbrecht, 535 U.S. at 796 (where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

Conclusion

Counsel's motion for an award of $14,122.50 (Docket # 27) is hereby granted. Thus, the

total amount of fees awarded to date is $22,594.50.  Counsel is ordered to return to Marden the $4,900.00 previously received pursuant to the EAJA.

Dated: October 16, 2024

    New York, New York

 

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge